UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE ANN BENGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-1404-B |
| | § | |
| HIGHGATE HOLDINGS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss (doc. 6), filed September 4, 2009. For the reasons set forth below, the Court **DENIES** the motion.

## I.

## BACKGROUND[1]

This case centers on a claim of retaliation in violation of the Fair Labor Standards Act ("FLSA"). Defendant Highgate Holdings ("Highgate") is an investment firm which owns and operates a number of hotels across the United States. (Compl. ¶ 8.) Plaintiff Lee Ann Benge ("Benge") was employed by Highgate as Vice President of Human Resources. (*Id.* at ¶ 9.) In the course of her employment as a human resources executive, Benge alleges she discovered that a number of Highgate's employees were not being properly compensated for overtime labor. (*Id.* at ¶ 10.) Benge informed her supervisors of this oversight and advised them that Highgate needed to

---

[1]This factual account is taken from Plaintiff's Original Complaint (doc. 1), filed July 29, 2009. *Martin K. Eby Constr. Co.. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(stating that in deciding a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations are taken as true).

classify and compensate those employees appropriately to comply with the FLSA. (*Id.* at ¶ 11.) After exploring the issue of FLSA compliance with her superiors, Benge was told to "let it go" and that Highgate would comply with the FLSA if "audited or discovered." (*Id.* at ¶ 13.) Still, Benge continued to urge her superiors to comply with the FLSA. (*Id.* at ¶ 15.)

In the fall of 2008, Benge reported Highgate's non-compliance to the Department of Labor. (*Id.* at ¶ 17.) During the phone call, she requested that the Department of Labor conduct an audit and provided them with names of employees and other relevant information. (*Id*.) In February 2009, Benge received an annual performance appraisal from Highgate. (*Id.* at ¶ 20.) Steve Barick ("Barick"), Benge's supervisor, met with Benge to discuss the appraisal and informed her that her annual bonus would be 53% less than the amount which had been promised. (*Id.* at ¶ 21.) Subsequently, on May 15, 2009, Benge's employment was terminated. (*Id.* at ¶ 22.) Benge asked Barick to explain the reason for her termination and he informed her that she was not a "good fit" for Highgate. (*Id.*)

On July 29, 2009, Benge filed a Complaint (doc. 1) asserting a cause of action for retaliation in violation of the FLSA. She urges that Highgate reduced her bonus compensation and terminated her employment because she filed complaints regarding Highgate's non-compliance with the FLSA. (*Id.* at ¶ 24.) On September 9, 2009, Highgate filed the instant Motion to Dismiss for Failure to State a Claim (doc. 6). Highgate alleges that Benge's Complaint fails to state facts supporting a claim for retaliation under the FLSA. Specifically, Highgate argues Benge has not shown that she was engaging in a protected activity or that she was terminated for engaging in such an activity. (Mot. to Dismiss 2.) Having considered the parties' briefing on this matter and the relevant law, the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARD

A.   *Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action when a plaintiff's complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if the plaintiff's factual allegations do not establish a right to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, to survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true (even if doubtful in fact)." *Id.*

B.   *Retaliation in Violation of the Fair Labor Standards Act*

Benge's sole cause of action against Highgate is retaliation in violation of 29 U.S.C. § 215(a)(3). Section 215(a)(3) provides, in relevant part:

>   (a)   After the expiration of one hundred and twenty days from June 25, 1938, it shall be unlawful for any person–
>
>   >   (3)   to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3) (2006).

To establish a violation of the anti-retaliation provision of the FLSA, a plaintiff must show (1) participation in a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse action. *Hagan v. Echostar Satellite, LLC,* 529 F.3d 617, 624 (5th Cir. 2008). Once the plaintiff establishes these elements, the burden shifts to the defendant to show a legitimate, non-discriminatory reason for the adverse employment action. *Id.*. If the defendant meets its burden, the plaintiff must demonstrate that the proffered reason is a pretext for discrimination. *Id.*

### III.

### ANALYSIS

Highgate argues that Benge's Complaint fails to plead facts supporting her cause of action for retaliation in violation of the FLSA. Specifically, Highgate contends that the facts do not establish that she engaged in a protected activity under Section 215(a)(3) or that she was terminated as a result of engaging in that activity. (Mot. to Dismiss 2.)

A.   *Protected Activity under Section 215(a)(3)*

The Fifth Circuit has adopted the majority rule which allows "an informal, internal complaint to constitute protected activity under Section 215(a)(3)." *Hagan,* 529 F.3d at 625. However, when adopting the "informal complaint" rule, the Fifth Circuit acknowledged that there were necessary limitations and that "not all abstract grumblings or vague expressions of discontent are actionable as complaints." *Id* at 626. The employee's alleged complaint must concern a violation of law and be framed in terms of the possible illegality of the action which the employer has taken. *Id.; see also Maynor v. Dow Chemical,* 671 F.Supp.2d 902, 923 (S.D. Tex. 2009). Further, in making the complaint, the employee must be stepping outside of her job duties in representing the employer.

*Hagan,* 529 F.3d at 625.

In looking at Benge's Complaint, the Court finds sufficient factual allegations indicating that she could have engaged in protected activity. Benge asserts that she spoke with upper management regarding their noncompliance with the FLSA. Further, she sent an email demanding that Highgate comply with the FLSA, voicing concerns regarding the possible illegality of their actions, and warning of possible repercussions. After management failed to take action, Benge claims she once again voiced her opposition to the illegal policies and called the Department of Labor to request that they audit of Highgate for FLSA compliance. These actions could plausibly constitute filing a complaint under Section 215(a)(3).

Highgate argues that as a human resources executive Benge could not have stepped outside her job duties in opposing Highgate's noncompliance. However, determining whether Benge was merely performing her job or stepping outside her job duties would require the Court to delve beyond the pleadings for evidence regarding her role as Vice President of Human Resources for Highgate. As such, Highgate's argument cannot be properly considered in a Motion to Dismiss where the Court is limited to the factual allegations asserted on the face of Benge's Complaint.

The issue before the Court is whether Benge's pleadings plausibly give rise to an entitlement to relief. Here, Benge's initial complaint to her superiors, her continued efforts to correct the FLSA violations, and her phone call to the Department of Labor requesting an FLSA audit could plausibly constitute filing a complaint under Section 215(a)(3). (Compl. ¶ 24.) As such, Benge's Complaint adequately demonstrates that she could have engaged in protected activity.

B.   *Causal Link*

Next, Highgate urges that the factual allegations in Benge's Complaint do not establish that

she was terminated as a result of engaging in protected activity. To establish an FLSA retaliation claim, a plaintiff must show that the adverse employment action would not have occurred "but for" plaintiff's protected activity. *Kanida v. Gulf Coast Medical Personnel LP,* 363 F.3d 568, 580 (5th Cir. 2004). Here, Benge alleges that she told various Highgate employees, including a human resources manager and a attorney for Highgate, that she had filed a complaint against Highgate with the Department of Labor. (Compl. ¶ 17.) Soon thereafter, a supervisor began sending her "abrasive" emails, her bonus was cut by more than half, and she was terminated. (*Id.* ¶¶ 20-22.) Accepting all well-pleaded facts as true and viewing them in the light most favorable to the Benge, the Court finds that there is sufficient factual matter in the Complaint to support a finding that there is a causal link between Benge's termination and her efforts to correct the alleged FLSA violations. Because a causal link between the protected activity and the adverse employment action is plausible on these facts, Benge's pleadings must survive Highgate's motion to dismiss.

Accordingly, the Court finds that Benge has adequately plead facts supporting her cause of action for retaliation in violation of the FLSA and Highgate's Motion to Dismiss should be and hereby is **DENIED.**

## IV.

## CONCLUSION

The Court finds Benge has adequately shown a plausible instance of retaliation under the Fair Labor Standards Act. As such, the Court finds Highgate's Motion to Dismiss under Rule 12(b)(6) should be and hereby is **DENIED**.

SO ORDERED.

DATED July 2, 2010.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE