IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE ANN BENGE | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:09-cv-01404-B |
| HIGHGATE HOLDINGS, INC. | § | |
| d/b/a HIGHGATE HOTELS LP, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Without waiving its defenses, Defendant Highgate Holdings d/b/a Highgate Hotels LP ("Highgate") answers Plaintiff Lee Ann Benge's ("Benge") Complaint in paragraphs that correspond by number as follows:

1. Plaintiff's statement regarding Plaintiff's entitlement to full protections of the FLSA is a legal conclusion to which no answer is required. Defendant admits that Plaintiff was a resident of Dallas, Dallas County, Texas during the period she was employed by Defendant.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Plaintiff's Complaint does not include a Paragraph 3.

4. The statement in Paragraph 4 of the Complaint is a legal conclusion to which no answer is required.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Plaintiff's statement regarding the eligibility of Highgate's non-exempt hourly employees to receive overtime compensation pursuant to the overtime provisions of the FLSA is a legal conclusion to which no answer is required. Plaintiff admits the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that in or around June 2008 Plaintiff expressed a belief that Defendant had not appropriately classified a small percentage of its non-exempt employees. Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits Plaintiff sent an email to Sam Bhadha and Steve Barick on Wednesday, June 4, 2008 (9:08:24 CST) under the subject "FLSA compliance." Defendant also admits Plaintiff advised Bhadha and Barick that "it is imperative that we are compliant with the law." Defendant further admits Plaintiff stated she believed that if the Department of Labor audited the company, Defendant would be required to pay back pay at overtime rates. Defendant is without sufficient information to admit or deny that Benge's reference to the FLSA was to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. and therefore denies that allegation. Defendant admits Plaintiff's email stated that "non-exempt (hourly) associates are required to clock in and out through the Timesaver system." Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that by email dated June 4, 2008 (12:11 PM EST), Barick sent Plaintiff and Bhadha an email under the subject "FLSA compliance" that stated "Agreed. Get it done."

13. Defendant admits Bhadha sent an email dated June 4, 2008 (12:14 PM EST) to

Plaintiff and Barick (with a copy to Mehdi Khimji and Mahmood Khimji, Principals of Highgate) estimating the annual costs associated with the payment of overtime to some hourly employees. Defendant admits Bhadha stated the costs would affect EBITDA directly. Defendant is without sufficient information to admit or deny that Mehdi Khimji sent an email directing that the subject be taken "off-line." Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint as the phrase "employees at issue" is vague and unclear and therefore denies those allegations.

14. Defendant admits Mahmood Khimji asked Plaintiff to review Defendant's overtime costs and compare those costs to overtime costs incurred by other hotels. Defendant is without sufficient information to admit or deny what Benge determined after her research. Defendant admits Benge claimed Bhadha's overtime costs were lower than overtime costs at other hotels because of the way Bhadha paid certain employees. Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits Plaintiff discussed Defendant's payroll data with Barick. Defendant further admits Barick told Plaintiff Bhadha operated hotels efficiently. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits Plaintiff received a full bonus after her first year of employment and did not receive an annual performance appraisal after her first year. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant is without sufficient information to admit or deny whether Plaintiff called or spoke to a Department of Labor ("DOL") representative, or whether the DOL contacted Plaintiff thereafter, and therefore denies these allegations. Defendant admits that Plaintiff told Ken Ballard that somebody should take Sam Bhadha to the DOL. Defendant admits that he told

Plaintiff "You're the VP of HR, you should be careful saying things like that," or words to that effect. Defendant admits that Ballard is a labor attorney employed by a private law firm who did some work for Defendant. Defendant admits that Ballard did not perceive Plaintiff's comment to be a request for legal advice from him. Defendant is without sufficient knowledge to admit or deny how Plaintiff "considered" Ballard's statement, and therefore denies this allegation. Defendant further denies that Ballard intended the remark as a warning that Plaintiff's action might not be well received by Highgate. Defendant denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.   Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.   Defendant denies the allegation contained in paragraph 19 of the Complaint.

20.   Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.   Defendant is without sufficient information to admit or deny whether Plaintiff was surprised at her annual performance appraisal and whether her ratings were lower than she expected and therefore denies those allegations. Defendant admits the appraisal stated "Better judgement (sic) needed with email. Innappropriate (sic) or harmful subject matter must stop." Defendant specifically denies that the statement was related to Plaintiff's e-mail communications regarding the FLSA. Defendant admits that, in an effort to provide Plaintiff with at least one positive comment in a review that was otherwise negative, the review stated "You are a great fit and have the perfect balance between the ownership and the associate." Defendant denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.   Defendant admits Barick notified Benge on May 15, 2009 that Defendant was terminating her employment. Defendant admits that Barick told Plaintiff, among other things,

that she was not a good fit. Defendant denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant incorporates its answers to Paragraphs 1 through 22 as if fully stated herein.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant admits that Plaintiff purports to seek liquidated damages, but denies that she is entitled to liquidated damages, or any damages.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Plaintiff admits the allegation contained in Paragraph 29 of the Complaint, but denies that Plaintiff is entitled to reinstatement even if it were feasible.

30. Defendant admits that Plaintiff purports to seek attorneys' fees and costs, but denies that she is entitled to same.

31. Defendant admits the allegations contained in Paragraph 31 of Plaintiff's Complaint.

## PLAINTIFF'S PRAYER

Defendant admits that Plaintiff purports to seek the relief requested in Section V of her Complaint entitled "Prayer," but denies that Plaintiff is entitled to any of the relief requested in Plaintiff's Complaint. Defendant further denies that Plaintiff has requested relief that is

appropriate for Plaintiff's claims.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant pleads the following defenses and reserves the right to plead additional defenses that may become apparent during the defense of this case:

### First Defense

Subject to and without waiving the foregoing, in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant based all employment actions taken with respect to Plaintiff on job-related factors, consistent with business necessity, and for legitimate reasons.

### Second Defense

Subject to and without waiving the foregoing, in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, and upon information and belief, Plaintiff's claims are barred, or her recovery should be offset or limited, by the after-acquired evidence doctrine.

### Third Defense

Subject to and without waiving the foregoing, in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant's actions with respect to Plaintiff were not taken with either malice or reckless indifference to the protected rights of Plaintiff and were not in willful disregard of the law.  Therefore, punitive and exemplary damages should not be awarded to Plaintiff.

### Fourth Defense

Subject to and without waiving the foregoing, in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Plaintiff cannot satisfy her burden of proof with respect to any alleged damages she suffered.

Fifth Defense

Subject to and without waiving the foregoing, in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, and upon information and belief, Plaintiff has failed to mitigate her damages and Defendant is entitled to an offset for any amount that Plaintiff actually earned and any amounts that Plaintiff, in the exercise of reasonable diligence, could have earned.

Sixth Defense

Subject to and without waiving the foregoing, in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Plaintiff's claims for compensatory and punitive damages are subject to all statutory and Constitutional caps and limitations, and/or Plaintiff's claim for punitive damages is unconstitutional and/or unavailable.

Seventh Defense

Subject to and without waiving the foregoing, in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, Defendant would have taken the same actions toward Plaintiff in the absence of any alleged impermissible motivating factor.

Eighth Defense

Subject to and without waiving the foregoing, in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, and upon information and belief, Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, and/or unclean hands.

Defendant reserves the right to assert any and all further defenses which it may in the future find to be applicable.

WHEREFORE, PREMISES CONSIDERED, Defendant Highgate Holdings, Inc. d/b/a Highgate Hotels LP, respectfully requests that Plaintiff's claims be dismissed, that Plaintiff take

nothing and that Defendant be awarded its costs, fees, expenses, and all other legal and equitable relief to which it is entitled.

Respectfully submitted,

*/s/ Stuart E. Blaugrund*
Stuart E. Blaugrund
Texas State Bar No. 02473350
James A. Frederick
Texas State Bar No. 24059781
GARDERE WYNNE SEWELL LLP
1601 Elm Street
Suite 3000
Dallas, TX  75201
(214) 999-3000 (Telephone)
(214) 999-4667 (Telecopier)

ATTORNEYS FOR DEFENDANT
HIGHGATE HOLDINGS, INC. d/b/a
HIGHGATE HOTELS LP

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon Plaintiff via certified mail on July 20, 2010, as follows:

Hal Gillespie
Gillespie, Rozen & Watsky, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204

                                        */s/ Stuart E. Blaugrund*
                                        Stuart E. Blaugrund